FILED

FEB 11 2011

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Cr. No. 10-2961GT |
| v. | ) ORDER |
| ENRIQUE GARCIA-GARCIA, | ) |
| Defendant. | ) |

    On February 11, 2011, Defendant's, Enrique Garcia-Garcia ("Mr. Garcia"), sentencing hearing was held. Mr. Garcia filed objections to the PSR. Probation filed an Addendum. Mr. Garcia filed objections to the Addendum. For the reasons stated below, two of Mr. Garcia's objections are **GRANTED** and one objection is **DENIED**.

    First, Mr. Garcia objects that his 1996 conviction for trespass scores one point because it is too old. Probation agrees and adjusted his criminal history score accordingly. Therefore, this objection is **GRANTED**.

    Second, Mr. Garcia objects that one point was added under the old "recency" guideline. Probation agrees and adjusted his criminal history score accordingly. Therefore, this objection is **GRANTED**.

//

Finally, Mr. Garcia objects to Probation giving him a +16 for two drug convictions he suffered in 1995 in the state of Utah. It is Mr. Garcia's contention that Probation "has failed to prove the facts of the convictions, including the existence of the convictions, as well as the legal effect of the convictions." Mr. Garcia also asserts that the standard of proof is "clear and convincing evidence." While Mr. Garcia is correct that the legal standard in this case is "clear and convincing evidence," Probation has submitted sufficient evidence of the existence of the convictions and that Mr. Garcia is guilty of those convictions. Hence, the 16 level enhancement under § 2L1.2(b)(1)(A)(I) is appropriate.

Generally, the Government bears the burden of showing, by a preponderance of the evidence, that a defendant suffered each of the convictions used to assign points in calculating his criminal history score. See United States v. Romero-Romero, 220 F.3d 1159, 1160 (9th Cir. 2000). However, "when a sentencing factor has an extremely disproportionate effect on the sentence relative to the offense of conviction," the standard becomes clear and convincing evidence. United States v. Hopper, 177 F.3d 824, 833 (9th Cir. 1999). The Ninth Circuit has held that seven and nine level increases are sufficient to trigger the clear and convincing evidence standard. See, United States v. Meza de Jesus, 217 F.3d 638, 642 (9th Cir. 2000); United States v. Munoz, 233 F.3d 1117, 1127 (9th Cir. 2000). In this case, if the +16 is applied, it would be an increase of 8 levels and have a significant effect on Mr. Garcia's guideline range. Hence, the clear and convincing evidence standard is applicable in this case.

Mr. Garcia contends that Probation has not submitted sufficient evidence, under the clear and convincing standard, of the existence of the two 1995 drug convictions or that Mr. Garcia is guilty of those convictions. The Court disagrees.

Probation submitted the following information to support Mr. Garcia's two drug convictions in Utah in 1995:

1. **Rap sheet**: Probation states that Mr. Garcia's rap sheet was compiled based on fingerprint comparison. A fingerprint matched rap sheet provides "sufficient indicia of reliability to support [the] probable accuracy" of the convictions listed therein. § 6A1.3(a). United States

v. Alvarado-Martinez, 556 F.3d 732, 735 (9th Cir. 2009). Mr. Garcia's rap sheet shows he was convicted of two drug offenses in 1995.

2. **Docket sheet**: Probation submitted a three page copy of Mr. Garcia's court case summary for case # 951900162 which confirms his two felony drug convictions in Utah. A docket sheet may be used as evidence of a criminal conviction and does not need to be certified if there is no reason to question its authenticity or content. United States v. Strickland, 601 F.3d 963, 968-70 (9th Cir. 2010). The docket sheet for case # 951900162 shows that Mr. Garcia pled guilty to possession with intent to distribute a controlled substance, a felony, in count 1 and attempted offer/agree to distribute a controlled substance, a felony, in count 2. The docket sheet also shows that Mr. Garcia was sentenced to five years on each count to run consecutive. Although Mr. Garcia argues that the docket sheet is ambiguous because of abbreviations used to record the sentencing phase of the case, the entire docket sheet, taken as a whole, is unambiguous and quite clear.

3. **Probation Officer's statements:** The Probation officer states that he made several telephone calls to the Third District Court in Utah, the Utah State Prison, and the U.S. Marshall's Office. The Probation Officer states that the information he received confirms the existence of the convictions, that Mr. Garcia pled guilty to the convictions, and he served a prison sentence in Utah for those convictions.

Given the above information, Probation has proved by "clear and convincing" evidence that Mr. Garcia was convicted of two drug trafficking felonies in Utah and that the 16 level enhancement is appropriate.

Mr. Garcia also argues that it is unclear which Utah state statute he violated and hence, the statute could possibly be over broad. Mr. Garcia guesses which statute might be the operative statute of conviction. This is, at best, a speculative argument. Moreover, Utah's statute UTC 58-37-8(1)(a)(iv) states that it is unlawful to "possess a controlled or counterfeit substance with intent to distribute," which matches the guidelines definition of a drug trafficking offense under § 2L1.2 cmt 1(B)(iv). Hence, this argument fails. Accordingly,

**IT IS ORDERED** that Mr. Garcia's objections are **Granted in part** and **Denied in part**.

**IT IS SO ORDERED.**

February 11, 2011
date

GORDON THOMPSON, JR.
United States District Judge

cc:  All counsel and parties without counsel